# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

~~UNDER SEAL~~

FILED

MAY 1 0 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RENATO LIBRIC,

**CR 18  196 MMC**

DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 1343 - Wire Fraud; and

18 U.S.C. §§ 981(a)(1)(C), 982(a) & 28 U.S.C. § 2461(c) - Criminal Forfeiture

---

A true bill.

_____ Foreman

Filed in open court this _10th_ day of
_May, 2018_

KAREN L. HOM
_____ Clerk

JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

Bail, $ _no bail arrest worrt_

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT        Name of District Court, and/or Judge/Magistrate Location
                                  ☐ SUPERSEDING         **NORTHERN DISTRICT OF CALIFORNIA**
─── OFFENSE CHARGED ───                                   SAN FRANCISCO DIVISION

18 U.S.C. § 1343 Wire Fraud)                    ☐ Petty
                                                ☐ Minor
                ~~UNDER SEAL~~                  ☐ Misdemeanor        ─ DEFENDANT - U.S ─
                                                ☒ Felony              ▶ RENATO LIBRIC

PENALTY: Maximum term of imprisonment of 20 years; Maximum fine of        DISTRICT COURT NUMBER
$250,000 or the greater of twice the gross gain or twice the gross
loss; Maximum of 3 years of supervised release; $100 special              **CR 18 196 MMC**
assessment; Restitution and forfeiture as determined by the Court

FILED
MAY 10 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── PROCEEDING ───                                        ─ DEFENDANT ─
Name of Complaintant Agency, or Person (& Title, if any)   **IS NOT IN CUSTODY**
                                                           Has not been arrested, pending outcome this proceeding.
Federal Bureau of Investigation (FBI)                      1) ☒ If not detained give date any prior
                                                              summons was served on above charges ▶

☐ person is awaiting trial in another Federal or State Court,   2) ☐ Is a Fugitive
   give name of court
                                                                3) ☐ Is on Bail or Release from (show District)
                                                                   N.D. California

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40.  Show District          **IS IN CUSTODY**
                                                                4) ☐ On this charge

☐ this is a reprosecution of                                    5) ☐ On another conviction        ☐ Federal ☐ State
   charges previously dismissed     SHOW
   which were dismissed on motion   DOCKET NO.                  6) ☐ Awaiting trial on other charges
   of:                                                             If answer to (6) is "Yes", show name of institution
   ☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a                                 Has detainer ☐ Yes    If "Yes"
   pending case involving this same                             been filed?  ☐ No     give date filed
   defendant                        MAGISTRATE
                                    CASE NO.                    DATE OF      ▶ Month/Day/Year
☐ prior proceedings or appearance(s)                            ARREST
   before U.S. Magistrate regarding this
   defendant were recorded under                                Or... if Arresting Agency & Warrant were not

Name and Office of Person                                       DATE TRANSFERRED  ▶ Month/Day/Year
Furnishing Information on this form    Alex G. Tse              TO U.S. CUSTODY

         ☒ U.S. Attorney  ☐ Other U.S. Agency                   ☐ This report amends AO 257 previously submitted

Name of Assistant U.S.
Attorney (if assigned)     Matthew L. McCarthy

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT      Bail Amount: No bail

If Summons, complete following:                    * Where defendant previously apprehended on complaint, no new summons or
☐ Arraignment  ☐ Initial Appearance                warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

                                                   Date/Time:                    Before Judge:

Comments:

ALEX G. TSE (CABN 152348)
Acting United States Attorney



FILED

MAY 10 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RENATO LIBRIC,<br><br>Defendant. | CASE NO. CR 18 196 MMC<br><br>VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. §§ 981(a)(1)(C), 982 & 28 U.S.C. § 2461(c) – Criminal Forfeiture<br><br>SAN FRANCISCO VENUE |

## INDICTMENT

The Grand Jury charges:

### Introductory Allegations

At all times relevant to this Indictment:

1. Defendant Renato LIBRIC resided in the Northern District of California.

2. Bouxtie, Inc. ("Bouxtie") was a Delaware corporation with offices in San Francisco, Redwood City, and Sunnyvale, California. Renato LIBRIC was a shareholder in and the Chief Executive Officer of Bouxtie. Bouxtie maintained various financial accounts, including a Silicon Valley Bank account with an account number ending in -5718.

INDICTMENT

3. LIBRIC maintained personal financial accounts, including a checking account at Wells Fargo Bank ending in -0175.

4. Moose Run, LLC ("Moose Run") was a Wyoming Limited Liability Company, with its principal place of business in Las Vegas, Nevada.

### The Scheme to Defraud

5. Beginning at a date unknown to the grand jury, but no later than August 2017, and continuing through a date unknown to the grand jury, but to at least February 2018, LIBRIC knowingly devised, intended to devise, and carried out a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts with a duty to disclose.

As part of the scheme to defraud LIBRIC engaged in, among others, the following acts:

6. LIBRIC caused fraudulent documents to be transmitted to potential investors in Bouxtie, including to N.L and D.L., who were persons representing Moose Run. These documents were intended, among other things, to overstate the financial condition and prospects of Bouxtie, and to induce the potential investors to believe that LIBRIC had authority to sell a significant number of shares in Bouxtie to investors.

7. LIBRIC fraudulently placed a signature on a Term Sheet that purported to indicate that a large publicly-traded corporation was interested in purchasing Bouxtie at a price of $150,000,000. The signature on the Term Sheet purported to be that of M.S., an executive with the alleged purchasing corporation. In fact, LIBRIC forged the signature there himself. LIBRIC then caused this Term Sheet to be transmitted to persons representing Moose Run, LLC.

8. LIBRIC caused a bank statement to be transmitted to persons representing Moose Run, which statement purported to show that Bouxtie had over $2,000,000 in its bank account ending in -5718 as of August 1, 2017. This bank statement was fraudulent. In fact, the balance in the -5718 account on August 1, 2017 was $7,642.82.

9. LIBRIC fraudulently placed the signatures of members of Bouxtie's Board of Directors on a document entitled "Corporate Resolution of Bouxtie, Inc." These signatures purportedly authorized LIBRIC to enter into agreements with Moose Run, under which Moose Run would lend Bouxtie

INDICTMENT 2

$1,500,000. Under the proposed terms, this loan could then be converted into shares equaling no less than 3.99% of Bouxtie. LIBRIC then transmitted this fraudulent Resolution to N.L, who was acting on behalf of Moose Run, on October 19, 2017.

10. After recieving these and other representations, Moose Run chose to invest $1,500,000 in Bouxtie. To effect this investment, Moose Run caused a wire in the amount of $1,500,000 to be transmitted from First Security Bank in Missoula, Montana to Bouxtie's account ending in -5718 at Silicon Valley Bank in Santa Clara, California. These funds were transmitted by wire from Montana to California on October 20, 2017.

11. On October 23, 2017, LIBRIC transferred, or caused to be transferred, $100,000 from the Silicon Valley Bank account of Bouxtie ending in -5718 to his own Wells Fargo checking account ending in -0175.

12. On October 27, 2017, LIBRIC transferred, or caused to be transferred, $11,352 from the Silicon Valley Bank account of Bouxtie ending in -5718 to his own Wells Fargo checking account ending in -0175.

13. On November 27, 2017, LIBRIC transferred, or caused to be transferred, $25,000 from the Silicon Valley Bank account of Bouxtie ending in -5718 to his own Wells Fargo checking account ending in -0175.

COUNT ONE: (18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting)

14. Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated.

15. On or about October 20, 2017, in the Northern District of California and elsewhere, the defendant,

RENATO LIBRIC,

for the purpose of executing the scheme and artifice referred to above, and attempting to do so, did knowingly transmit and cause to be transmitted writings, signs, signals, pictures, and sounds in interstate commerce by means of wire communications, to wit: an interstate wire transmission of $1,500,000 from First Security Bank in Missoula, Montana to Bouxtie, Inc.'s account ending in -5718 at Silicon Valley Bank in Santa Clara, California.

All in violation of Title 18, United States Code, Sections 1343 & 2.

INDICTMENT                                                         3

<u>FORFEITURE ALLEGATION</u>:   (18 U.S.C. §§ 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture)

16. All of the allegations contained in this Indictment are re-alleged and fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461(c).

17. Upon a conviction for the offense alleged in Count One of this Indictment, the defendant,

RENATO LIBRIC,

shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), and 28 U.S.C. § 2461(c) all property, real or personal, constituting, and derived from, proceeds the defendant obtained directly and indirectly as the result of those violations, including but not limited to a forfeiture money judgment in an amount equal to the total proceeds from the commission of said offense.

18. If any of the aforementioned property, as a result of any act or omission of the defendant–

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

any and all interest the defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p).

//
//
//
//
//
//
//
//

INDICTMENT                                4

1    All in violation of Title 18, United States Code, Sections 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: 5-10-18

A TRUE BILL

*/s/ Linda Joy*
FOREPERSON

ALEX G. TSE
Acting United States Attorney

*/s/*
JOHN H. HEMANN
Deputy Chief, Criminal Division

(Approved as to form: */s/* )
AUSA McCARTHY

INDICTMENT                                5