IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>RENATO LIBRIC,<br>　　　　Defendant. | Case No. 18-cr-00196-MMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is defendant Renato Libric's ("Libric") "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)." The government has filed opposition, to which Libric has replied. Having read and considered the parties' respective written submissions, the Court rules as follows.

18 U.S.C. § 3582(c) provides:

The court may not modify a term of imprisonment once it has been imposed except that –

(1) in any case –

　　(A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

　　　　(i) extraordinary and compelling reasons warrant such a reduction . . .

　　and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

See 18 U.S.C. § 3582(c).

On May 10, 2018, Libric was indicted on one count of wire fraud. On September 5, 2018, Libric, pursuant to a Plea Agreement, pleaded guilty to the charge, and, on December 19, 2018, was sentenced to a term of imprisonment of 36 months, to be followed by three years of supervised release. According to the Bureau of Prisons, Libric's expected release date is November 28, 2020, i.e., less than three months from now.

Libric argues there exists an extraordinary and compelling reason warranting his release at this time, in that he has been diagnosed with hypertension, which condition, he asserts, places him at heightened risk of contracting a serious illness if he were to become infected with COVID-19. The record, however, fails to demonstrate Libric's hypertension warrants his immediate release. Although the Centers for Disease Control ("CDC") has stated that persons who have hypertension "might be at an increased risk for severe illness from COVID-19," see https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, the CDC also states there is only "mixed evidence" to support such a finding, in particular, nine studies that, as the CDC notes, "reached different conclusions about [the] risk associated" with hypertension, see https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html. Moreover, hypertension is a condition experienced by "[n]early half of adults in the United States," see https://www.cdc.gov/bloodpressure/facts.htm, and Libric does not assert his particular condition cannot be controlled with the medication he receives from the prison.

Libric also argues his mother's diagnoses of "terminal lung cancer" and "cryptogenic organizing pneumonia" warrant his early release. (See Def.'s Mot. at 3:14.) For purposes of § 3582(c)(1)(A), however, the only family circumstances recognized by the Sentencing Commission as extraordinary and compelling are the "death or incapacitation of the caregiver of the defendant's minor child or minor children" and the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner," see U.S.S.G.

§ 1B1.13, cmt. 1(C), neither of which is applicable here.[1]

In sum, the Court finds Libric has not made the requisite showing of extraordinary and compelling circumstances warranting his immediate release.

Accordingly, the Motion for Compassionate Release is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 1, 2020

MAXINE M. CHESNEY
United States District Judge

---

[1] The Court also notes that Libric's mother's poor health was brought to the Court's attention in the Presentence Investigation Report and in Libric's sentencing memorandum, and such circumstance was taken into account at the time of sentencing.

3